**Application of Charles Huff WRIGHT.**

**Patent Appeal No. 76–677.**

United States Court of Customs and Patent Appeals.

March 31, 1977.

Joseph T. Eisele, John Kurucz, Kane, Dalsimer, Kane, Sullivan & Kurucz, New York City, attorneys of record for appellant.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents, John W. Dewhirst, Washington, D. C., of Counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN and MILLER, Judges, and HERBERT N. MALETZ, Associate Judge, United States Customs Court.

MILLER, Judge.

This appeal is from the decision of the Patent and Trademark Office Board of Ap-

peals ("board"), adhered to on reconsideration, affirming the rejection of claims 1–3 under 35 U.S.C. 103, in application serial No. 256,841, filed May 25, 1972, for "Improved Croze for Whiskey Barrels." We affirm.

### The Invention

Whiskey barrels are sealed by forcing each barrelhead into its respective croze (the groove near each end of the barrel staves) and securing the staves with hoops. Appellant's claimed barrel has a croze with a square-cut profile. In Fig. 3 below, beveled barrelhead component 20 is inserted into the croze 40 to form sealing contacts shown at a, b, and c.

FIG. 3

Appellant states that his croze provides an improved seal, which reduces liquid and evaporative loss of whiskey, in comparison with prior art crozes. An affidavit of Doctor Sidney Baldwin, Senior Scientist and Maturation Chemist with Joseph E. Seagram & Sons, Inc., was filed under 37 CFR 1.132 by appellant showing reduction in alcoholic loss of about 10% using appellant's croze when compared to the loss occurring in a barrel with "the old type beveled croze."

Another feature of appellant's invention is a chime (portion of the barrel that extends from the croze to the rim) of approximately ⅝ inch in length, shown as 42 in Fig. 3. Appellant states that this "has proven to be extremely satisfactory compared to the prior art chime" (length of approximately ¼ inch) in that the "extra wood provides a longer pathway of wood grain, which serves as a deterrent to evaporation."

The claims are reproduced below.

1. A whiskey barrel including a tubular body open at both ends and forming the sides of the barrel and being formed from a plurality of contoured staves, hoops deployed about the staves for cooperating in maintaining them in an assembled position; substantially flat heads closing each of the open ends of the body, the periphery of the heads being beveled from both the tops [sic] and bottom sides forming a circumferentially extending blunt bead, each of the staves at the ends of the barrel being trimmed to provide a butt end and having an internal circumferentially extending howel[1] and croze cut therein and a chime extending internally from the croze to the butt end, the howel including the chime being relatively smooth, the croze having a very sharp and distinctive square cut profile and having a relatively sharp pair of outer corners, the heads forming a three-zone sealing contact with the staves of the barrel body including sealing engagement of each of the outer corners of the croze with the adjacent bevel of the head and the innermost face of the croze with the head bead.

2. The invention in accordance with claim 1 wherein the chime is approximately ⅝″ in length.

3. The invention in accordance with claim 2 wherein the chime includes a chamfer[2] at the butt end of the staves.

### The Prior Art

The references relied upon by the board are:

| | | |
|---|---|---|
| Bauer | 2,152,020 | March 28, 1939 |
| Melson et al. (Melson) | 812,062 | February 6, 1906 |
| Pennie, Jr. (Pennie) | 168,410 | October 5, 1875 |

---

1. A howel is a rounded cut above and below the croze.

2. A beveled edge.

Bauer discloses a whiskey barrel with notched croze 13 at each end and with a barrelhead 14 having beveled edges 15 terminating at bead 16 fitting tightly into the croze. Sealing material such as paraffin is applied in the region 17 to reduce "outages" (losses) of whiskey.

*Fig. 3*

Bauer teaches—

While an inventor is, of course, not required to understand the theory of his invention, I believe without thereby limiting myself, that the large outage encountered in whiskey aging is due to the thinness of the head in the region of the bevel. For this reason the liquor need only traverse the pores of the wood for a relatively short distance. Therefore, I believe that by either *building up the thickness of the head in the region of the bevel*, or by closing up the pores in the region of the bevel and howel, the outage is considerably reduced without at the same time preventing the so-called "breathing" of the liquor. [Emphasis added.]

Melson merely discloses that it is conventional to use metal hoops to maintain barrel staves and barrelheads in place.

Pennie discloses a barrel with croze-channel B having two or more steps into which the edge h of barrelhead H fits. Each of the corners in the croze is "capable of indenting into the wood of the edge of the said head, and be in their turn somewhat compressed by the head, so as to form a

tight joint when forced together by the hoops."

*Fig. 1.* *Fig. 2.*

Pennie states that the object of his invention is to—

give to the croze-channel a greater width at its mouth, so as to be capable of receiving a thicker edge of the head, and also to present to the said edge on each of its bevels two or more corners, all of which may coact with the bevels of the said edge to render the joint tighter and stronger than heretofore made.

To obtain this increased joint tightness and strength, Pennie further teaches that the "bevel of the head may be made more obtuse, so as to leave more material at the edge of the head."

### The Rejection

The examiner rejected claims 1–3 under 35 U.S.C. 103 as unpatentable over Bauer in view of Melson and Pennie, concluding that it would have been obvious to one skilled in the art to provide Bauer's barrel with the hoops of Melson and to form Bauer's croze "with a distinctive square cut profile as taught by Pennie." The length of the chime was found to be an obvious matter of choice. In affirming the rejection, the board agreed with the examiner that the "very sharp and distinctive square cut profile" of appellant's croze was defined by the profile of the croze of Pennie; and it found that it would not have been unobvious to limit the number of corners in the Pennie

croze to just the "three-zone sealing contact" claimed by appellant. Although giving consideration to the affidavit of Doctor Baldwin, the board also found that the affidavit did not rebut the evidence of obviousness because it failed to make a comparison between appellant's claimed invention and a whiskey barrel having a croze as taught by Pennie, which the board considered to be the "nearest prior art." The board further found that there was no evidence of criticality in the chime length set forth in claim 2 and that the chamfer in claim 3 is shown by both Bauer and Pennie.

## OPINION

Appellant initially argues that Pennie does not disclose the "square cut profile" croze recited in the claims; that even if the innermost channel of Pennie can be considered to be square cut,[3] it is only a part of his overall croze, with no suggestion that such croze be modified to utilize only the innermost channel. However, Pennie discloses a croze having a plurality of corners which provide individual sealing contacts with a barrelhead and teaches that his corners must be capable of indenting into the edge of the barrelhead. Thus, his drawing (Fig. 1) shows what is recited in appellant's claim 1: a relatively sharp pair of outer corners and, at least, a three-zone sealing contact (at the top and bottom edges of the barrelhead and with the barrelhead at the innermost face of the croze). We are persuaded that it would have been obvious for one of ordinary skill in the art to delete any additional sealing contacts in Pennie's croze since their function is merely cumulative to the function of the three-zone sealing contact. See *In re Kuhle*, 526 F.2d 553, 188 USPQ 7 (CCPA 1975); *In re Keegan*, 331 F.2d 315, 51 CCPA 1344, 141 USPQ 512 (1964).

■ Appellant next argues that Pennie and Melson did not recognize the problem of whiskey losses, and that Bauer, who did, solved the problem in a different way.

However, it is clear that Pennie is concerned with joint tightness in barrels and, as quoted above, teaches use of a *barrelhead with a thicker edge* and a croze that provides a plurality of individual sealing contacts, rather than a croze that mates with the barrelhead, to achieve that objective. Bauer, as quoted above, teaches that whiskey losses occur *due to thinness of the barrelhead in the region of the bevel* and suggests that the *thickness of the barrelhead* be built up in that region to solve the problem. We are satisfied that one of ordinary skill in the art would have recognized that the thicker barrelhead and croze of Pennie could be utilized in solving the problem of whiskey losses recognized by Bauer, especially in view of Bauer's teaching to build up thickness in the region of the barrelhead. The mere age of the references is not persuasive of the unobviousness of the combination of their teachings, absent evidence that, notwithstanding knowledge of the references, the art tried and failed to solve the problem. *In re McGuire*, 416 F.2d 1322, 1327, 57 CCPA 706, 712, 163 USPQ 417, 421 (1969), *cert. denied*, 397 U.S. 989, 90 S.Ct. 1121, 25 L.Ed.2d 397, 165 USPQ 33 (1970).

■ We disagree with the Solicitor's conclusion, reached by a comparison of the relative dimensions of appellant's and Bauer's drawing figures, that Bauer "clearly points to the use of a chime length of roughly ½ to 1 inch for a whiskey barrel." This ignores the fact that Bauer does not disclose that his drawings are to scale. Absent any written description in the specification of quantitative values, arguments based on measurement of a drawing are of little value. *In re Chitayat*, 408 F.2d 475, 56 CCPA 1343, 161 USPQ 224 (1969). However, we agree with the Solicitor that Bauer's teaching that whiskey losses are influenced by the distance the liquor needs to "traverse the pores of the wood" (albeit in reference to the thickness of the barrelhead) would have suggested the desirability

---

3. Appellant's counsel conceded during oral argument that the innermost channel of Pennie could be considered to be square cut for purposes of this appeal. However, our decision does not depend on such a concession.

of an increased chime length to one of ordinary skill in the art bent on further reducing whiskey losses.

Appellant has not traversed the board's finding that the chamfer in claim 3 is shown by Bauer and Pennie.

Finally, appellant argues that the affidavit of Doctor Baldwin shows unexpected and advantageous properties of the claimed "square-cut" croze over the prior art beveled croze of Bauer.[4] Although not questioning appellant's showing of improved results, the board, as noted previously, concluded that the affidavit did not rebut the evidence of obviousness because it failed to compare appellant's invention with what the board considered to be the "nearest prior art"—a whiskey barrel having a croze as taught by Pennie. Appellant's position is that the beveled croze shown by Bauer, as "the commercial standard" in the art, is the nearest prior art in this case.

We agree with the board. The record clearly demonstrates that appellant is relying upon his square-cut croze as the basis for the showing of unexpected results. Thus, a whiskey barrel with Pennie's croze—not Bauer's croze—is the nearest prior art, because Pennie most nearly shows appellant's square-cut croze providing a plurality of individual sealing contacts. *In re Chapman*, 357 F.2d 418, 423, 53 CCPA 978, 984, 148 USPQ 711, 715 (1966); *cf. In re Lamberti*, 545 F.2d 747, 192 USPQ 278 (CCPA 1976). That Pennie's croze may not be "the commercial standard" does not diminish its position as the nearest prior art against which test results are to be measured. It is quite conceivable that "the commercial standard" would be less expensive to make but, at the same time, less effective, so that test results involving it would be favorable while test results involving the more expensive, but more effective, prior art would be unfavorable.

In view of the foregoing, we hold that, notwithstanding the differences be-

tween appellant's invention and the combined teachings of Bauer and Pennie, appellant's invention would have been obvious at the time it was made to one of ordinary skill in the cooperage art. We consider Melson to be merely cumulative since Pennie discloses the use of hoops in his barrel.

The decision of the board is *affirmed*.

*AFFIRMED.*

---

4. The affidavit does not mention Bauer by name when reference is made to the prior art croze. However, we assume, for purposes of this appeal, that the prior art croze referred to in the affidavit is equivalent in structure to the croze of Bauer.