835 F.2d 871
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Anton W. STARK.
 No. 87-1408.
 United States Court of Appeals, Federal Circuit.
 Nov. 12, 1987.
 
 Before MARKEY, Chief Judge, RICH and MAYER, Circuit Judges.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Patent and Trademark Office Board of Patent Appeals and Interferences (board), sustaining the rejection under 35 USC 103 of claims 11, 12, and 15 in appellant's application serial No. 300,184, filed September 8, 1981, is affirmed.
 
 OPINION
 
 2
 The claimed invention is essentially for an improvement on the valve structure disclosed by Graffunder et al. The difference lies in the particular actuating means for maintaining the diaphragm against the valving sites. Although the prior art as a whole discloses all of the elements in the claimed valve arrangement, no single reference discloses the complete arrangement.
 
 
 3
 The board held, however, that it would have been obvious to substitute a solenoid-operated diaphragm actuator as taught by Friswell for the fluid-operated diaphragm actuators of Graffunder. The board also held that it would have been obvious to provide a cushioning means for the mechanical actuating member as taught by Reinecke.
 
 
 4
 Stark disputes the board's reading of Friswell which he contends is "quite nebulous." Friswell discloses that the piston serves as a means to close the valve by depressing the diaphragm and that the valve may be opened automatically by solenoid actuation. This disclosure is not "nebulous," but fairly suggests that the piston serves to close the valve, when provided with a solenoid to open it as suggested, and keeps the valve closed by conventional spring biasing. This view is reinforced by Goepfrich which the board found showed that solenoid actuators spring-biased to the closed position were conventional in actuated diaphragm valves.
 
 
 5
 Stark further argues that since the Graffunder patent issued in 1979, it is evidence of the unobviousness of the claimed invention, that Graffunder et al., while having the means and incentive in 1979, did not make the invention or recognize the "serious problem" solved by it. The board rejected this argument, relying on In re Wright, 569 F.2d 1124, 193 USPQ 332 (CCPA 1977), for the proposition that "[t]he mere age of a reference is not persuasive of unobviousness absent evidence that the art tried and failed to solve the problem notwithstanding knowledge of the reference." That case, however, dealt with very old art, and is not fully responsive to the point that we think Stark is trying to make.
 
 
 6
 As we understand it, Stark is not basing his argument on the age of the Graffunder reference, but rather that Graffunder et al., as late as 1979, still failed to appreciate the need for a fail-safe valve even though the means for accomplishing it were well-known. The problem with this argument, however, as the Solicitor points out, is that Stark has not shown that Graffunder and his co-inventors were ever confronted with the problem. An allegation of an unsolved problem is not evidence of unobviousness unless there is shown efforts and failure to solve the problem. In re Allen, 324 F.2d 993, 997, 139 USPQ 492, 495 (CCPA 1963). Thus, the Graffunder patent by itself is not persuasive evidence of unobviousness.
 
 
 7
 The remainder of Stark's arguments are adequately treated in the board's opinion. Stark has not shown any error in the board's findings or analysis. Accordingly, we conclude, as the board did, that the claimed subject matter as a whole would have been obvious from the combined teachings of the prior art.